VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-391

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2026

Alexis Moore* v. Amanda Fitzgerald

}
}
}
}

APPEALED FROM:

Superior Court, Rutland Unit, Civil Division
CASE NO. 25-ST-01153
Trial Judge: Susan A. McManus

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the denial of her complaint for an anti-stalking order.  On appeal, she argues that the trial court erred in limiting the definition of threatening behavior for purposes of stalking to "true threats."  We affirm.

In October 2025, plaintiff filed a complaint for an order against stalking alleging that defendant, her neighbor, had assaulted her several times.  The court denied emergency relief, concluding that the allegations did not support a finding of stalking as defined by the statute.  Plaintiff requested a hearing and provided an affidavit alleging that defendant followed her, knocked on her door screaming obscenities, and threatened her, and that she changed her behavior as a result of the conduct.

The court held a final hearing in November 2025.  Plaintiff testified that defendant engaged in aggressive and abusive conduct and stood outside her window screaming.  She also asserted that defendant followed her to retail shops and the post office and had screamed that defendant was going to break plaintiff's leg and beat plaintiff "upside the head."  She also stated that defendant pounded on her door and threatened harm.  Plaintiff's assertions were general and lacked specificity regarding when the incidents happened or details concerning defendant's actions.  When the court requested specific information such as dates, times, and details, plaintiff testified that defendant's behavior was "a course of conduct" that put her in fear of bodily harm.  Defendant moved for judgment at the end of plaintiff's case, arguing that plaintiff failed to provide any specific allegations and her assertions did not support a finding of stalking.  The court found that plaintiff failed to meet her burden of showing that defendant made true threats or engaged in monitoring or following.*  It therefore denied the petition.  Plaintiff appeals.

---

\*  On appeal, plaintiff does not raise any arguments regarding the sufficiency of the court's findings.  Therefore, we do not address these issues.  See V.R.A.P. 28(a)(3)-(4)

A court must impose an order against stalking if it "finds by a preponderance of evidence that the defendant has stalked" the plaintiff. 12 V.S.A. § 5133(d). Stalking is defined as engaging in "a course of conduct directed at a specific person" that would cause a reasonable person to fear for their safety or suffer substantial emotional distress. Id. § 5131(6). Course of conduct is in turn defined as two or more acts of following, monitoring, surveilling, or threatening. Id. § 5131(1)(A)(i). The statute provides that the definition does not include "[c]onstitutionally protected activity." Id. § 5131(1)(B). "In reviewing the trial court's no-stalking order, we will uphold its findings if supported by the evidence and its conclusions if supported by the findings." Haupt v. Langlois, 2024 VT 3, ¶ 9, 218 Vt. 605 (quotation omitted). The court's legal conclusions are reviewed de novo. Id.

On appeal, plaintiff argues that the trial court erred in using the "true threat" standard to evaluate whether defendant's behavior was threatening. She claims that this language is not in the statute and therefore using it as the standard was in error. See 12 V.S.A. § 5131(1). The trial court correctly interpreted "threatens" in § 5131(1) to be limited to "true threats." In Hinkson v. Stevens, this Court explained that "by specifically excluding constitutional activity from the prohibited conduct, the statute is implicitly limited to 'true threats.' " 2020 VT 69, ¶ 43, 213 Vt. 32; see State v. Noll, 2018 VT 106, ¶¶ 23-24, 208 Vt. 474 (explaining that First Amendment to U.S. Constitution prohibits states from restricting speech but that "certain narrow and well-defined classes of expression carry so little social value that the state can prohibit and punish such expression," including true threats). True threats are "those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Hinkson, 2020 VT 69, ¶ 44 (quotation omitted). Because the statute excludes constitutionally protected activity, the trial court properly limited the definition of threaten to "true threats."

Affirmed.

BY THE COURT:

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice

---

(requiring appellant to raise specific claims of error and provide argument in support). To the extent plaintiff seeks to challenge the court's finding regarding the sufficiency of plaintiff's proof, the court's conclusion arose from a credibility determination that we will not second-guess on appeal. See Mullin v. Phelps, 162 Vt. 250, 260-61 (1994) (explaining that findings "are viewed in a light most favorable to the prevailing party, disregarding modifying evidence," and that this Court's role is not "to reweigh evidence or to make findings of credibility de novo").